

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

March 13, 1972

Hon. James E. Peavy, M.D.          Opinion No. M-1094
Commissioner of Health
Texas State Department of Health   Re: Whether the phrase "shall
Austin, Texas  78756                   receive no remuneration
                                       or compensation for blood
                                       so donated", as used in
                                       Article 4447j, Vernon's
                                       Civil Statutes, includes
                                       non-monetary gratuities
                                       extended by a blood bank
                                       to a donor 18-21 years of
Dear Dr. Peavy:                        age.

        Your recent request for an opinion concerning the above
referenced matter states, in part, as follows:

        "As you know, this department is charged
    with licensing hospitals under the 'Texas Hospital
    Licensing Law' referred to in Article 4447j and
    in such capacity respectfully requests your opinion
    as to the following questions:

        "1.  Does the language 'shall receive no
    remuneration or compensation for blood so donated',
    as contained in Article 4447j, include non-mone-
    tary gratuities extended by the blood bank to a
    donor, such as blood replacement credits (a promise
    to replace the blood donated by that donor when the
    need arises) or other plans or programs which serve
    to insure that the future blood needs of the donor
    will be wholly or partially satisfied as a result
    of his donation of blood?

        "2.  Does the inclusion of the language 'shall
    receive no remuneration or compensation for blood
    so donated' as contained in Article 4447j prohibit
    the providing of any gratuity extended by the blood
    bank to the donor in anything other than money for
    the donation of the blood?"

        Article 4447j, Vernon's Civil Statutes[1] reads as follows:

--------

[1] Acts 62nd Leg., R.S. 1971, H.B. 663, ch. 417, p. 1556.

-5336-

Dr. James E. Peavy, page 2    (M-1094)

> "Any person 18 years or older has the
> capacity to donate his blood to the American
> Red Cross, a blood bank operating under the
> supervision of a licensed physician or a hospital
> licensed under the provisions of the Texas
> Hospital Licensing Law provided, however, that
> such donee between the age of 18 and 21 shall
> receive no remuneration or compensation for
> blood so donated."   (Emphasis added.)

Your inquiry concerns only the underscored portion of this
Article.

Our answer to your first question is that any donee
named in this Article may contract with a donor between the ages
of 18 and 21 for blood replacement to the donor, or for other
plans or programs which serve to insure that the future blood
needs of the donor will be wholly or partially satisfied as a
result of his donation of blood.

We do not discern any intent by the Legislature to make
any impediment to any arrangements between a donor of blood
within this age bracket and any authorized donee concerning any
subsequent replacement of blood into the body of the donor or
for his own personal necessary medical usage.

In view of our answer to your first question we refrain
from answering your second question.

"Remuneration" has been defined as follows:  "something
that remunerates: recompense, pay."  Webster's Third New Inter-
national Dictionary (Rev.Ed. 1966) 1921.  "Compensation" has been
defined thusly:  "payment for value received or service rendered:
remuneration."  Id. at 463.  In accord, Black's Law Dictionary,
Fourth Ed., p. 354.  This is the ordinary signification required
to be given to the words.  Article 10, Vernon's Civil Statutes.

The word "gratuity" as used in your request would
seem antagonistic to the ordinary meaning of that word, if the
"gratuities" are to be considered an exchange for blood.  A
"gratuity," by definition, is not "remuneration" or "compensa-
tion."  A "gratuity" is "Something acquired without bargain or
inducement . . .  Something given freely or without recompense;
a gift . . ."  Black's Law Dictionary, Fourth Ed., p. 830.  Let
us suppose that an eighteen year old donates a pint of blood
for the use and benefit of an ailing parent, and after the blood
is drawn, the hospital gives him a glass of orange juice and the
other parent, or an older sibling, treats him to a steak dinner.

We cannot perceive any legislative intent to deny to this eighteen year old either the orange juice or the steak. Nor do we see any intent to deny to our eighteen year old his right to build up a reserve of blood credit for his own use. This is analogous to depositing his money in a bank. In either instance, he makes his own available for his future use.

The obvious intent of the statute is to prevent young people abusing their bodies by excessive sale of their blood. The prohibition of sale is necessary because of lack of an objective means to determine the frequency and quantity of blood drawings. Any means by which blood is sold or exchanged is prohibited by the statute. Conversely, donation of blood, for whatever reason, is not prohibited by the statute. There is no prohibition against gratuities unless a nominal gratuity is in reality a subterfuge to effect a sale or exchange.

We do not consider credits in a blood bank either compensation, remuneration, or gratuity. We consider them credits; just as money deposited in a money bank, is a credit. A credit does not constitute an exchange or sale. Each individual may choose whether to donate or deposit for credit. In either event, the choice of terminology does not create compensation, remuneration, or gratuity.

The statute prohibits neither blood bank credits, nor actual gratuities.

## S U M M A R Y

Article 4447j, Vernon's Civil Statutes, in relation to donation of blood by those between the ages of 18 and 21, prohibits neither blood bank credit nor actual gratuities.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Austin C. Bray, Jr.
Assistant Attorney General

Dr. James E. Peavy, page 4     (M-1094)


APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Mike Stork
Mel Corley
James Maxwell
Ben Harrison

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant